# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONSO RIVERA-AVALOS, et al.,<br><br>Defendants. | 2:09-CR-262 JCM (RJJ) |

**ORDER**

Presently before the court is petitioner Adrian Fuentes Garcia's motion for a certificate of appealability. (Doc. # 282).

**I.   Background**

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. # 250). The government filed a motion to dismiss the § 2255 motion (doc. # 255), and this court granted the motion to dismiss (doc. # 265). The order is silent regarding the issue of a certificate of appealability. (*See id.*). Petitioner filed this motion seeking a certificate of appealability for his § 2255 motion. (Doc. # 282).

**II.   Legal Standard and Discussion**

Before the petitioner can appeal the denial of a § 2255 motion, a certificate of appealability must issue. *See* 28 U.S.C. § 2253. Further, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate of appealability must "indicate which specific issue or issues satisfy"

**James C. Mahan**
**U.S. District Judge**

the requirement, 28 U.S.C. § 2253(c)(3).

To make this substantial showing, petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).

This court dismissed petitioner's § 2255 motion on procedural grounds. (*See* doc. # 265). This court noted that "[m]otions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations." (*Id.*); citing 28 U.S.C. § 2255(f). Further, "the one-year period runs from 'the date on which the judgment of conviction becomes final.'" (*Id.*); quoting 28 U.S.C. § 2255(f)(1).

In the order dismissing the § 2255 petition, this court found that petitioner filed his petition 510 days after his conviction became final, and 145 days after the statutory period elapsed. (*Id.*). The court also noted that it may equitably toll the one year statutory limit if warranted by extraordinary circumstances. (*Id.*) (citing *Holland v. Florida*, 130 S.Ct. 2549 (2010)); *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling . . . is very high.").

In the dismissal of the § 2255 petition, the court held that no extraordinary circumstances existed that warranted a tolling of the one year statutory time period. (*Id.*). In the instant motion, petitioner does not: (1) address the certificate of appealability standard; (2) does not even allege the denial of a constitutional right; or (3) attempt to indicate which issue or issues would satisfy the high bar for granting a certificate of appealability. (*See* doc. # 282). The court finds that no extraordinary circumstances warrant an equitable tolling for petitioner's failure to timely file a § 2255 petition for all the reasons stated in its original order (doc. # 265).[1] The court declines to issue a certificate of appealability on the issue of equitable tolling.

---

[1] The court denied the § 2255 petition for all the following reasons: (1) petitioner could not establish that a lack of certain documents prevented a timely filing; (2) petitioner did not actually need any documents to make his ineffective assistance of counsel allegations; and, (3) the case law cited by petitioner was actually inapposite. (Doc. # 262).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    In the instant motion, petitioner alleges that he did not timely seek to appeal this court's
2 dismissal of the § 2255 petition because he did not know about the dismissal until September 18,
3 2012, (Doc. # 282), a date well after the window had closed to timely file a notice of appeal.  This
4 is not a true statement.  First, the docket clearly shows that a copy of the dismissal order was mailed
5 to defendant on May 17, 2012, and a copy of the entire docket was mailed to defendant on May 21,
6 2012.

7    Second, petitioner's § 2255 petition did not address the equitable tolling issue.  However, on
8 May 29, 2012, petitioner filed a motion to permit equitable tolling.  (Doc. # 270).  Petitioner filed
9 his motion to permit equitable tolling two weeks after copies were manually mailed to him.  The
10 court finds these facts clearly demonstrate that petitioner did receive a copy of the dismissal order
11 and then filed a motion (doc. # 270) to address the order (doc. # 265).  The court finds there has been
12 no showing of the denial of a constitutional right and a certificate of appealability is not warranted.
13    Accordingly,
14    IT IS HEREBY ORDERED ADJUDGED AND DECREED that petitioner's motion seeking
15 a certificate of appealability (doc. # 282) be, and the same hereby is, DENIED.
16    DATED October 11, 2012.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**