## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

ADRIAN FUENTES-GARCIA,

    Defendant(s).

2:09-CR-262 JCM (RJJ)

**ORDER**

Presently before the court is the matter of *United States v. Adrian Fuentes-Garcia*, case number 2:09-cr-00262.

This court denied petitioner's, Adrian Fuentes-Garcia( "Mr. Fuentes"), motion for certificate of appealability. (Doc. # 284). The Ninth Circuit remanded the appeal back to this court "for the limited purpose of . . . constru[ing] the September 28, 2012, notice of appeal as a Rule 4(a)(6) motion and rule on that motion." (Doc. # 286). The court will do so in this order.

**I.     Background**

Mr. Fuentes filed a notice of appeal and motion for certificate of appealability before this court. (*See* docs. # 281-82). This court denied Mr. Fuentes' motion for a certificate of appealability. (*See* doc. # 284).

The Ninth Circuit disagreed with this court that Mr. Fuentes had notice of this court's order dismissal of his § 2255 claims. (*See* doc. # 286) ("The court notes that the district court's finding in its order denying appellant's request for a certificate of appealability, that appellant did have

**James C. Mahan**
**U.S. District Judge**

1  notice of the court's prior orders, does not appear to be supported by the record or by appellant's
2  filings in support of his 28 U.S.C. § 2255 motion and in opposition to the appellee's motion to
3  dismiss.").[1]  The appellate court remanded the case to this court to construe Mr. Fuentes' notice of
4  appeal as a Rule 4(a)(6) motion.  *See United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011)
5  (holding that district courts should construe notice of appeal as a motion for relief under Fed. R.
6  App. P. 4(a)(6) when it includes allegations of non-receipt of the judgment).

**II.   Notice of Appeal**

Under Federal Rule of Appellate Procedure 4(a)(6), a "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if" the three conditions in subsections (A)-© are satisfied.  The Ninth Circuit has held that a district court "must construe a pro se appellant's notice of appeal as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal."  *Withers*, 638 F.3d at 1061.

This court, pursuant to *Withers*, construes Mr. Fuentes' *pro se* notice of appeal as a motion to reopen the time for filing an appeal.  The court further finds that Mr. Fuentes did not have actual notice of this court's order denying his § 2255 motion.  Subsections (A)-© of Rule 4(a)(6) are satisfied and the court grants the motion to reopen the time to file an appeal.

**III.  Certificate of Appealability**

This court denied Mr. Fuentes' § 2255 petition on procedural grounds.  (*See* doc. # 265, order, 4:2-3) ("Fuentes waited to file his petition until it was nearly seven months late and now cites irrelevant documents as the cause for the delay.  Tolling is therefore inappropriate.").

When a district court denies a petitioner's habeas claims solely on procedural grounds, a certificate of appealability should issue if the movant can show: (1) that jurists of reason would find

---

[1] At all relevant times, Mr. Fuentes has been incarcerated at FCI Loretto, P.O. Box 1000, Loretto, PA., 15940-1000.  (*See* docs. ## 250, 256, 259, 261, 262, 266, 280, 281, and 282).  Mr. Fuentes has successfully communicated with the court from this address and acknowledged receipt of filings addressing his § 2255 motion.  (*See* doc. # 261, thank you letter for extension of time); (*see* doc. # 266).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of
2  reason would find it debatable whether the petition states a valid claim of the denial of a
3  constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Nutt v. Knowles*, 145 Fed.Appx.
4  221, 222 (9th Cir. 2005).

5        The court finds that jurists of reason could debate whether this court was correct in its
6  procedural ruling–that Mr. Fuentes' motion was time-barred and equitable tolling was not warranted.
7  The court further finds that jurists of reason could debate whether the petition states a valid
8  ineffective assistance of counsel claims. Therefore the court finds it appropriate to issue the
9  certificate of appealability.

10       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Fuentes' notice of
11 appeal construed as a Rule 4(a)(6) motion (doc. # 281) be, and the same hereby, is GRANTED.

12       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Fuentes' motion for
13 a certificate of appealability (doc. # 282) be, and the same hereby, is GRANTED.

14       DATED December 19, 2012.

_____
**UNITED STATES DISTRICT JUDGE**