UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>ADRIAN FUENTES-GARCIA, et al.,<br><br>                              Defendant(s). | Case No. 2:09-CR-262 JCM (GWF)<br><br>ORDER |

Presently before the court are the government's motions for orders waiving attorney-client privilege, requiring former counsel to respond to allegations in 28 U.S.C. § 2255 motion, and allowing the government 30 days from the date counsel provides affidavit to respond to Fuentes' motion. (Docs. #342 & #343).[1]  Plaintiff did not file a response and the deadline to do so passed on August 24, 2014.

**I.     Background**

This action stems from a judgment entered against Fuentes-Garcia, sentencing him to 135 months in prison for conspiracy to distribute methamphetamine. Fuentes-Garcia filed a notice of appeal and motion for certificate of appealability, arguing ineffective assistance of counsel. (Docs. #281-82).

This court denied Fuentes-Garcia's *pro se* 28 U.S.C. § 2255 motion to vacate his sentence as untimely. (Doc. #284). Fuentes-Garcia appealed. Fuentes-Garcia alleges that he was entitled to equitable tolling because he was not given proper notice of orders and was therefore deprived of materials from the district court's docket. (Doc. #326). He further alleges

---

[1] Under special order 109(III)(F)(4), motions may ask for only one type of unrelated relief. Special Order 109, September 29, 2005, Electronic Filing Procedures. Since the government's motion requests more than one type of unrelated relief, the government filed an identical motion twice.

**James C. Mahan**
**U.S. District Judge**

1  that he was reasonably diligent in pursuing his petition, but was stymied by the district court
2  clerk's belief that he had not sent payment for the docket sheet and/or the prison's delay in
3  disbursing the funds. *Id.*

4  The Ninth Circuit found that this court abused its discretion by dismissing the motion
5  without holding an evidentiary hearing to determine whether Fuentes-Garcia was entitled to
6  equitable tolling. (Doc. #326). The Ninth Circuit vacated the dismissal and remanded for factual
7  development.

8  The government now disclaims its argument that the petition was untimely and wishes to
9  respond on the merits. (Doc. #341). The government filed the present motions and seeks to have
10 defendant's former counsel provide an appropriate affidavit and 30 days to respond Fuentes-
11 Garcia's § 2255 motion to vacate. (Doc. #342-43).

12 **II.     Legal Standard**

13 Where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives
14 the attorney-client privilege as to all communications with his allegedly ineffective lawyer.
15 Further, "[t]he privilege which protects attorney-client communications may not be used both as
16 a sword and a shield. Where a party raises a claim which *in fairness* requires disclosure of the
17 protected communication, the privilege may be implicitly waived." *United States v. Ortland*,
18 109 F.3d 539, 543 (9th Cir. 1997) (emphasis in original) (quoting *Chevron Corp. v. Pennzoil*
19 *Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

20 **III.    Discussion**

21 Fuentes-Garcia filed a § 2255 motion claiming ineffective assistance of counsel.
22 Fuentes-Garcia alleged that counsel, Michael Pandullo, did not properly counsel him, tried to
23 scare him into accepting a plea deal, and refused to file a notice of appeal. (*See* doc. #250).
24 These accusations implicate privileged and confidential communications between Fuentes-
25 Garcia and Pandullo.

26 By raising a claim of ineffective assistance of counsel, Fuentes-Garcia has waived the
27 attorney-client privilege with Pandullo. In fairness, this requires disclosure of the protected
28 communication in order to allow Pandullo to deny the allegations. Based on Fuentes-Garcia's

**James C. Mahan**
**U.S. District Judge**

- 2 -

serious allegations concerning Pandullo, the court finds that it is appropriate to enter an order waiving the attorney-client privilege as to all contentions raised in petitioner's § 2255 petition.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motions for orders waiving attorney-client privilege, requiring former counsel to respond to allegations in 28 U.S.C. § 2255 motion, and allowing the government 30 days from the date counsel provides affidavit to respond to Fuentes' motion (docs. #342 & 343) be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that Pandullo have 21 days from the entry of this order to respond to Fuentes-Garcia's allegations and provide the government with his affidavit.

DATED September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**