UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:09-CR-262 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| ADRIAN FUENTES-GARCIA, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Adrian Fuentes-Garcia's ("Fuentes") motion to vacate under 28 U.S.C § 2255. (Doc. # 250). The United States responded, (doc. # 350), and Fuentes replied, (doc. # 354).

**I.    Background**

This case comes back to the court on remand from the Ninth Circuit. The court initially dismissed Fuentes's *pro se* 28 U.S.C. § 2255 motion to vacate his sentence as time-barred, because Fuentes filed his motion beyond the one-year limitations period. *See* 28 U.S.C. § 2255(f). Fuentes appealed and the Ninth Circuit vacated the court's order and remanded for further factual development.

The Ninth Circuit found that, though Fuentes admitted that he filed his motion outside of the one-year period, he "made colorable allegations sufficient to warrant an evidentiary hearing." (Doc. # 326 at 2). Therefore, the Ninth Circuit directed the court to hold an evidentiary hearing regarding the timeliness of defendant Fuentes's 28 U.S.C. § 2255 petition. (Doc. # 326 at 3).

The court scheduled the evidentiary hearing as instructed by the Ninth Circuit's mandate. Before the hearing, the government filed a motion requesting it be vacated. (Doc. # 340). The government disclaimed its argument that the petition was untimely and wished to respond to the

**James C. Mahan**
**U.S. District Judge**

petition on the merits. (Doc. # 340). Fuentes did not oppose the government's motion. (*See* doc. # 340).

The court granted the motion. (*See* doc. # 340). The court's order also vacated the hearing and ordered the government to respond to the § 2255 petition, file its motion seeking to waive the attorney-client privilege, and have Fuentes's counsel provide the appropriate affidavit. (Doc. # 340).

The government filed the appropriate motions for orders waiving attorney-client privilege, requiring the former counsel to respond to the allegations in Fuentes's § 2255 motions, which the court granted on September 30, 2014. (Doc. # 344). The government filed its response to Fuentes's motion to vacate under 28 U.S.C. § 2255 on December 18, 2014. (Doc. # 350). Fuentes replied through newly appointed counsel, Todd Leventhal, Esq.

Fuentes's instant motion to vacate, set aside, or correct a sentence for a person in federal custody under 28 U.S.C. § 2255 alleges ineffective assistance of counsel. (*Id.*). Fuentes requests an evidentiary hearing and any other relief appropriate.[1] (*Id.*).

The pertinent factual background is as follows. On June 18, 2009, Fuentes and his codefendants[2] met with an undercover DEA agent at the Primm Valley Resort and Casino to sell methamphetamine at $20,000 per pound. (Doc. # 110 at 8). There, Fuentes and his codefendants reached an agreement with the DEA agent to sell 2,514.2 grams of a mixture that contained 2,227.67 grams of pure methamphetamine. (*Id.*). To complete the deal, Fuentes and his codefendants had to deliver the methamphetamine to Las Vegas. (*Id.*). Nevada Highway Patrol stopped their three vehicles and a subsequent search discovered the methamphetamine. (*Id.*).

Fuentes was charged with conspiracy to distribute methamphetamine under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(viii), and 21 U.S.C. § 846. (Doc. # 87 at 1–2). Michael Pandullo ("Pandullo") was appointed Fuentes's counsel. (Doc. # 350 at 11). In August 2009, the

---

[1] As discussed above, the United States has waived its argument that Fuentes's § 2255 claim was time-barred. (Doc. # 340). Thus, the court considers the instant motion on the merits.

[2] Fuentes's codefendants included Alfonso Rivera-Avalos, Juan Rodriguez, Jose Luis Rubio-Rodriguez, and Adelina Arias. (Doc. # 110 at 8). The codefendants are not parties to the instant motion.

**James C. Mahan**
**U.S. District Judge**

government offered a plea bargain to Fuentes that recommended an offense level of 29.[3] (Doc. # 350 at 15, 19). Fuentes rejected the offer because he did not consider the suggested length of sentence commensurate with his role. (Doc. # 250 at 14). In March 2010, the government made a second plea offer to Fuentes, which recommended an offense level of 32. (Doc. # 110 at 2, doc. # 350 at 11). Fuentes accepted this plea bargain offer on April 26, 2010. (Doc. # 110 at 10).

Fuentes pled guilty on May 24, 2010. (Doc. # 348 at 21). During the change of plea hearing, the court asked Fuentes if he was knowingly pleading guilty without being coerced, and was in fact guilty. (*Id.* at 12–14, 21, 23). Fuentes responded in the affirmative.

The accepted plea bargain contained several important agreements and waivers. First, it suggested to the court a base offense level for Fuentes of 32. (Doc. # 110 at 2). This base offense level would place Fuentes in a recommended sentencing range of 135 to 168 months with a supervised release term of three to five years. (Doc. #349 at 4). Second, the United States agreed to recommend that Fuentes be given a sentence no higher than the middle of the guideline range. (Doc. # 110 at 4). Third, Fuentes explicitly waived his right to all appeals except for either a sentence above the guideline range or non-waivable appeals, such as a claim of ineffective assistance of counsel. (*Id.* at 5).

This court sentenced Fuentes on August 23, 2010, to 135 months in prison with a supervised release term of 5 years. (Doc. # 349 at 7). This sentence was at the low end of the guidelines. (*Id.*). Fuentes then allegedly directed Pandullo to appeal based upon the length of his sentence imposed by the court, which Pandullo did not do.[4] (Doc. # 250 at 15).

---

[3] It is disputed whether Pandullo received this plea bargain offer, and if so, whether he communicated that offer to Fuentes. (Doc. # 350 at 11). However, Fuentes states that he was advised on an eighty-seven month offer. (Doc. # 250 at 4). This recommended sentence length is so specific that the court finds that the plea bargain was communicated to Fuentes.

[4] In his motion, Fuentes states, "I requested to Counsel Pandullo file a Notice of Appeal the same sentence day, because I understand that 135 months of sentence was excessive and I could was sentenced at eighty-seven months if Counsel Pandullo explain me better the first offering of the Government." (Doc. # 250 at 15). As explained previously, Fuentes waived his right to appeal a sentence at or below the sentencing guideline range. (Doc. # 350 at 21, doc. #348 at 19).

**James C. Mahan**
**U.S. District Judge**

Fuentes's asserts four ineffective assistance of counsel claims: (1) failure by Pandullo to file a notice of appeal as requested by Fuentes; (2) failure by Pandullo to properly explain the original offer by the government of an eighty-seven month sentence in a plea offer; (3) failure by Pandullo to provide effective assistance of counsel at sentencing relative to Fuentes's minor role in the trafficking scheme; (4) failure by Pandullo to properly prepare for sentencing relative to the application of the safety valve proviso in the sentencing guidelines. (Doc. # 354).

## II. Legal standard

### A. *Motion to vacate*

A person in custody under a judgment by a district court may file a motion to vacate, set aside, or correct judgment if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to enter judgment; (3) the sentence exceeded the maximum allowable by law; or (4) the judgment or sentence is otherwise subject to collateral review. 28 U.S.C. § 2255.

Fuentes raises only the fourth situation in his motion. (*See* doc. # 250). Therefore, the court considers the other three waived.

"A district court must grant a hearing to determine the validity of a petition brought under § 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255 (1988)). Further, the court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

Thus, statements that are either conclusory or unbelievable are insufficient to require a hearing. *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true, would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *Howard*, 381 F.3d at 877.

### B. Ineffective assistance of counsel

To establish a claim for ineffective assistance of counsel, a defendant must demonstrate that (1) his attorney's representation "fell below an objective standard of reasonableness," and (2) the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

In order to show that counsel's performance was deficient, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687). In evaluating counsel's performance, consideration must be given to whether the performance was reasonable under all the circumstances. *Strickland*, 466 U.S at 688. There is a strong presumption that counsel's performance was adequate. *Id.* at 689.

The two-part test adopted in *Strickland* applies to guilty plea challenges based upon ineffective assistance of counsel. In order to satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

### III. Discussion

#### A. *Failure by counsel to file a notice of appeal at Fuentes's request would constitute ineffective assistance of counsel*

Fuentes begins by stating that he directed Pandullo to appeal this court's sentence, (doc. # 250 at 15), and that Pandullo's failure to do so constitutes ineffective assistance of counsel. (Doc. # 354 at 4–5). The Ninth Circuit has held that counsel must file an appeal at the client's request even if doing so would invalidate the plea agreement.[5] *United States v. Sandoval-Lopez*, 409 F.3d

---

[5] The opinion is clear:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without

1193, 1197–99 (9th Cir. 2005). Thus, failure of counsel to appeal when requested constitutes ineffective assistance of counsel. *Id.* at 1197.

Here, Fuentes claims that he requested Pandullo appeal this court's sentence. *Sandoval-Lopez* requires this court to hold an evidentiary hearing to determine whether Fuentes actually directed Pandullo to file the appeal. A finding that Fuentes did give this direction would establish that he received ineffective assistance of counsel. *Sandoval-Lopez*, 409 F.3d at 1196. Thus, Fuentes has met his burden regarding his argument, and an evidentiary hearing will be held to determine if Fuentes told Pandullo to file the appeal.

The court will analyze the remainder of Fuentes's claims in order to determine if those claims will need to be heard and adjudicated at the evidentiary hearing.

### B. Failure by counsel to adequately explain the original eighty-seven month plea offer to Fuentes

Fuentes's next argument is that Pandullo failed to adequately explain the United States' original eighty-seven month plea offer to him. Fuentes offers two explanations for why he believes he received ineffective assistance of counsel. First, Fuentes states that he declined the first plea offer because he thought that the sentence was too long considering his minor role in the crime. (Doc. # 250 at 14). Tangentially, Fuentes adds that he requested that Pandullo send him all documents pertaining to his case so that Fuentes could evaluate the plea offer, which Pandullo failed to do. (*Id.*). Second, Fuentes states that he was coerced into agreeing to the second plea offer by Pandullo. (*Id.*). The court addresses each argument below.

#### 1. Declining the plea offer due to length of sentence recommendation

Fuentes begins by explaining that he did not accept the first plea offer because he thought that the sentence was too long given his minor role in the crime. (Doc. # 250 at 14). However, simply declining the plea offer because a defendant thinks it is not commensurate with his crime is not ineffective assistance of counsel provided that (1) the attorney adequately explained the

> deciding that the petitioner's claim is true. . . . It may be very foolish to risk losing a seven-year plea bargain on an appeal almost sure to go nowhere, in a major heroin case. Nevertheless, the client has the constitutional right . . . to bet on the possibility of winning the appeal and then winning an acquittal . . . .
>
> *Sandoval-Lopez*, 409 F.3d at 1198–99.

**James C. Mahan**
**U.S. District Judge**

- 6 -

terms of the deal and the likelihood of the outcome at trial; and (2) the defendant would have changed his mind if that explanation was offered. *See generally Strickland*, 466 U.S. at 668. Importantly, Fuentes failed to allege or otherwise state sufficient information in his motion that either prong was satisfied, thus eliminating the need for this court to hold an evidentiary hearing on this issue.

Fuentes then states that he had requested his case file, including discovery, prosecutor's letters, motions filed with the court, and other pertinent documents, but that Pandullo never provided the file. (Doc. #250 at 14). Fuentes's ineffective assistance claim fails because his contention that he would have reviewed the case file, legally evaluated the strength of case against him, and then decided if the plea deal was acceptable is implausible. Fuentes had a third grade education, (doc. # 348 at 5), and lacked the legal experience necessary to honestly evaluate the strength of the case against him. Therefore, regardless of whether Pandullo actually provided Fuentes the case file is irrelevant, because Fuentes would not have changed his disposition towards the first plea offer regardless of the receipt of those documents.

The court does not reach the question of whether Fuentes had a right to see all of the documents he requested because the result is unlikely to have changed Fuentes's mind even if all the documents were produced.

Thus, Fuentes has failed to meet his burden of proving his claim of ineffective assistance of counsel regarding this issue. Therefore, this issue will not be considered during the evidentiary hearing.

2. *Coercion to agree to the second plea offer*

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) (internal citations omitted).

Here, Fuentes states that he was intimidated when Pandullo informed him of the second plea offer that recommended 135 months in prison, and warned Fuentes that if he went to trial and was found guilty, he could be facing a 20 to 30 year sentence. (Doc. # 250 at 14). Fuentes claims

James C. Mahan
U.S. District Judge

- 7 -

he initially rejected this plea, but was forced to sign it after Pandullo allegedly intimidated Fuentes. (*Id.* at 14–15).

However, when asked during the change of plea hearing whether he had been coerced into the plea agreement, Fuentes said no. (Doc. # 348 at 12). He affirmed that he was pleading guilty because of the government's plea deal and that he was willing to plead guilty. (*Id.*). He further affirmed that he discussed the plea with his attorney and that his attorney answered all of his questions to his satisfaction. (*Id.* at 13). Finally, Fuentes affirmed that he was pleading guilty because he was in fact guilty. (*Id.* at 13–14).

Thus, the arguments Fuentes made in his motion are directly contradicted by his statements made during the change of plea hearing. Those statements were made in response to a direct examination by the judge, under oath. In the instant motion, Fuentes failed to specify how Pandullo coerced him or otherwise forced him to sign the plea agreement. Indeed, all this court has is a mere statement that Fuentes was scared and that he had no choice but to sign the plea agreement. Those two brief and conclusory allegations fail to overcome the weight afforded to Fuentes's statements made at the change of plea hearing.

Fuentes has failed to meet his burden. The weight of his statements during the change of plea hearing clearly outweigh his statements to the contrary in the instant motion. Therefore, this issue will not be considered at the evidentiary hearing.

### C. *Failure by counsel to provide effective assistance of counsel at sentencing*

Fuentes next argues that Pandullo's failure to argue Fuentes's minor role at sentencing constituted ineffective assistance of counsel. (Doc. # 250 at 16). As a part of Fuentes's plea agreement, Fuentes specifically waived his right to seek other adjustments to his sentencing.[6] (Doc.

---

[6] The plea agreement, (doc. # 110), stated that Fuentes would:
1. "[N]ot request a sentence below the Guideline range." (*Id.* at 4);
2. "[N]ot seek a downward adjustment pursuant to" 18 U.S.C. § 3553. (*Id.*);
3. "[N]ot seek a downward departure pursuant to U.S.S.G. § 5K1.1." (*Id.*);
4. "[W]aive[] the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range . . . ." (*Id.* at 5);
5. "Waive the right to appeal the manner in which that the sentence was determined based on" 18 U.S.C. § 3742. (*Id.*);

# 110 at 4). Fuentes entered into this plea agreement and its waivers knowingly and willfully. (Doc. # 348 at 12–14). Pandullo's performance did not fall below an objective standard of reasonableness.

A reasonable attorney would not have his client enter into a plea agreement one moment and then violate the agreement the next. Rather, Pandullo made the strategic decision to not violate the plea agreement. Counsel's strategic decisions do not amount to ineffective assistance of counsel. *See Strickland*, 466 U.S. at 699. Therefore, this issue will not be considered at the evidentiary hearing.

### D. Failure of counsel to argue application of the safety valve provisos at sentencing

Fuentes argues that Pandullo's failure to explain the "safety valve proffers" constituted ineffective assistance of counsel. (Doc. # 250 at 16). However, the plea agreement contained the safety valve adjustment, (doc. #110 at 2), and the court applied the adjustment at sentencing, (doc.

---

6. "[A]nd further waive[] the right to appeal any other aspect of the conviction or sentence . . . ." (*Id.*).

Similarly, during sentencing, (doc. # 348), the court detailed what rights Fuentes would be waiving and confirmed that Fuentes knowingly waived those rights:

> THE COURT: . . . But you have waived the right to appeal any sentence that is imposed within or below the sentencing guideline range determined by the parties; is that correct, in the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you've waived your right to appeal the manner in which the sentence was determined and any other aspect of the sentence including any order of restitution. You have reserved the right to appeal any portion of the sentence that is an upward departure of higher than the sentencing guideline range determined by the parties in the plea memorandum.
>
> And you've waived your right to collaterally attack the guilty plea or sentence, except for claims of ineffective assistance of counsel; is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you do all of that freely and voluntarily?
>
> THE DEFENDANT: Yes.

(*Id.* at 19–20).

James C. Mahan
U.S. District Judge

- 9 -

# 349 at 4). When presented this information, Fuentes waived this claim in his reply. (Doc. #354 at 7). Therefore, this issue will not be considered at the evidentiary hearing.

**IV.     Certificate of Appealability**

Where the court denies a petitioner's § 2255 motion, the court may issue a certificate of appealability only when the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

As analyzed above, Fuentes has failed to make such a showing here regarding all of his claims except his request to Pandullo to appeal. No reasonable jurist could find that the two issues dismissed above could have been resolved in favor for Fuentes. Thus, the court denies a certificate of appealability regarding (1) inadequate assistance of counsel due to Pandullo's failure to adequately explain the original eighty-seven month plea deal; and (2) inadequate assistance of counsel due to Pandullo's failure to argue for a reduced sentence due to Fuentes's minor role. Similarly, the court denies a certificate of appealability regarding the safety valve proffers and adjustment because Fuentes waived his argument regarding this issue.

Because the court will conduct an evidentiary hearing regarding Pandullo's failure to appeal the sentence at Fuentes's request, the court cannot rule upon a certificate of appealability for that issue at this time.

**V.     Conclusion**

The court finds that Fuentes's request for an evidentiary hearing due to ineffective assistance of counsel, (doc. # 250), is granted in part and denied in part. The court will hold an evidentiary hearing to determine whether Fuentes did, in fact, request Pandullo to file a notice of appeal.

James C. Mahan
U.S. District Judge

- 10 -

However, the court finds that Fuentes's request for an evidentiary hearing due to Pandullo's failure to (1) adequately explain the original plea deal, (2) argue for a reduced sentence, and (3) explain the safety valve adjustment does not meet the burden for this court to require an evidentiary hearing. Accordingly, those issues will not be considered at the evidentiary hearing.

Further, the court will deny Fuentes's request for a certificate for appealability for Pandullo's failure to adequately explain the original plea deal and his failure to argue for a reduced sentence. Since an evidentiary hearing will be scheduled, it is premature for the court to rule on Fuentes's request for a certificate of appealability regarding Pandullo's failure to file an appeal at Fuentes's request.

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Fuentes's motion to vacate pursuant to 28 U.S.C. § 2255, (doc. # 250), be, and the same hereby is DENIED with respect to Fuentes's ineffective assistance claims for failures by Pandullo to properly explain the original offer by the government of an eighty-seven month sentence in a plea offer; provide effective assistance of counsel at sentencing relative to Fuentes's minor role in the trafficking scheme; and properly prepare for sentencing relative to the application of the safety valve proviso in the sentencing guidelines. The court will conduct an evidentiary hearing as required by *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005), with respect to Pandullo's failure to file a notice of appeal as allegedly requested by Fuentes.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued regarding Fuentes's claim of inadequate assistance of counsel due to Pandullo's failure to (1) adequately explain the original eighty-seven month plea deal; (2) to argue for a reduced sentence due to Fuentes's minor role; and (3) failure to explain the safety valve adjustment.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 11 -

IT IS FURTHER ORDERED that an evidentiary hearing is set for May 14, 2015, at 10:30 a.m. The government is ordered to file the appropriate writ in a timely manner to ensure Fuentes's presence at the hearing.

DATED April 21, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 12 -